United States District Court
Southern District of Texas

**ENTERED**

August 10, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MAYRA MORALES MARTINEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:26-CV-06188** |
| | § | |
| **WARDEN, HOUSTON CONTRACT** | § | |
| **DETENTION FACILITY,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner Mayra Morales Martinez's *pro se* Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion to Stay and in the Alternative Motion for Summary Judgment (ECF No. 6). For the following reasons, the Court **GRANTS** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Stay and Motion for Summary Judgment.

## I.   BACKGROUND

Respondents have not disputed the following facts. Petitioner Mayra Morales Martinez is a citizen of Mexico. ECF No. 6, Ex. 1 (Notice to Appear).  She entered the United States in 2003, when she was twelve years old. ECF No. 1 at ¶ 4. In November 2016, Ms. Martinez applied to United States Citizenship and Immigration Services (USCIS) for protection from deportation under the Deferred Action for Childhood Arrivals (DACA) program. *See* ECF No. 1, Ex. B. She was approved for DACA from March 16, 2021, through March 15, 2023. *Id*. In February, 2003, she was granted advanced parole to leave and re-enter the United States pursuant to her DACA status. ECF No. 1, Ex. D. Ms. Martinez also received a work authorization permit pursuant to her

1 / 6

DACA protection. ECF No. 1, Ex. C. Her application to renew her employment authorization was received by USCIS on January 23, 2023. ECF No. 1, Ex. C. Ms. Martinez also states that she submitted an application to renew her DACA protection. ECF No. 1 at ¶ 6. These application remains pending with USCIS. *Id*.

Ms. Martinez has extensive ties to the United States. Most notably, she is the mother of three U.S. citizen children ages seven through nineteen. *Id*. at ¶ 5. Tragically, on July 2, 2021, Ms. Martinez was the victim of a home robbery during which intruders broke into her family's home and killed her husband in front of his family, including Ms. Martinez. *Id*. at ¶ 9. In February 2026, Ms. Martinez filed an application for a U-Visa, a nonimmigrant visa for victims of certain crimes, on the basis of these events. ECF No. 1, Ex. E.

On June 14, 2025, Ms. Martinez was detained by Immigration and Customs Enforcement (ICE). ECF No. 1 at ¶ 11. She was released on a bond of $8500. ECF No. 6, Ex. 2. On November 6, 2025, Ms. Martinez was arrested for driving while intoxicated. ECF No. 1 at ¶ 12. The criminal case was ultimately dismissed, but Ms. Martinez was transferred to ICE custody. *Id*.

Ms. Martinez's removal proceedings are currently ongoing. She is charged with being an arriving alien" who lacks valid documentation to remain in the United States. ECF No. 6, Ex. 1 (NTA); Ex. 3 (Amended NTA). Respondents position is that Ms. Martinez is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).

## II.  ANALYSIS

Petitioner argues, among other claims, that his detention violates his Fifth Amendment right to due process of law. The Court agrees. It therefore declines to address Petitioner's additional

2 / 6

claims for relief. The Court also denies Respondents' Motion to Stay proceedings pending the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez v. Ortega*, No. 26-50183.

### A. Petitioner's detention violates substantive due process.

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner.

The Court addressed a similar set of facts in *Rodriguez v. Frink*, 823 F. Supp. 3d 678, 684 (S.D. Tex. 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Rodriguez*, 823 F. Supp. 3d at 690 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the reasons articulated in that case, the Court reaches the same conclusion here. The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Id*.

Surprisingly, Respondents do not even attempt to address the impact of Petitioner's pending DACA renewal application or her pending U-Visa application on the legality of her detention. While the Court lacks the necessary information to determine the likely outcome of Petitioner's removal proceedings, these factors—particularly the possibility that Petitioner is eligible to renew her DACA protection—render her detention all the more troubling. To the extent that Petitioner is eligible to renew her DACA status, the Court cannot see any justification for her continued detention, let alone a "reasonable relation to the purpose for which she was committed."

3 / 6

Even if she is not in fact eligible to renew her DACA protection, these additional factors are likely to prolong Petitioner's removal proceedings, rendering it highly likely that her detention will become prolonged. *See Rodriguez*, 823 F. Supp. 3d at 688 ("[T]his Court has addressed dozens of immigration habeas cases in recent months, and it is clear from the facts of these cases that removal proceedings often take several years.").

**B. Respondents are not entitled to a stay pending the Fifth Circuit's decision in *Sosnava Rodriguez.***

Respondents also argue that the Court should stay any action in this case in light of the Fifth Circuit's published order granting the Government's motion for stay of the district court judgments pending the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez*. *See Rodriguez v. Ortega*, ---F.4th---, 2026 WL 2104747 (5th Cir. July 21, 2026). The Court has previously denied Respondents' stay requests in similar cases. *See, e.g., Rojas Pliego v. Mullin*, No. 4:26-CV-05719, Dkt. No. 13 (Order Denying Motion to Stay); *Perozo-Mata v. Blanche*, No. 4:26-CV-05679, 2026 WL 2195373, at *3 n. 2 (S.D. Tex. July 27, 2026) (Ellison, J); *Gonzalez Gonzalez v. Blanche, et al.*, No. 4:26-cv-5561, ECF. Dkt. No. 10, (S.D. Tex. July 27, 2026) (Ellison, J.). Other district courts within the Fifth Circuit have similarly rejected Respondents' expansive interpretation of the Fifth Circuit's one-sentence, unreasoned stay order. *See, e.g., Camacho v. Dep't of Homeland Sec.*, No. EP-26-CV-01717-DB, 2026 WL 2137156, at *2-3 (W.D. Tex. July 24, 2026) (concluding that "facial invalidation of Section 1225(b)(2)(A) is all that is precluded" by the stay); *Mercado Leyva v. United States Department of Justice Immigration Court*, 5:26-CV-01196, Doc. No. 11 at 2-3 n. 1 (S.D. Tex. July 23, 2026) ("Without clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed.").

4 / 6

For the reasons previously articulated in these cases, the Motion to Stay is denied.

## III.   REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

Given the severity of this ongoing unconstitutional deprivation of Petitioner's liberty, the Court concludes that immediate release from custody is required. The Court agrees with other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention").

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her of the time and place of his release **no less than three hours** prior to her release from custody and allow her the opportunity to inform a friend or family member of her pending release.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4. If Respondents seek to re-detain Petitioner during the pendency of her removal proceedings, they must provide notice to Petitioner and a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before August 11, 2026**, informing the Court of the status of Petitioner's release and Respondents' compliance with the requirements outlined above.

**IT IS SO ORDERED.**

Signed at Houston, Texas on August 10, 2026.

Keith P. Ellison
United States District Judge